















MAM     5/16/01     14:36
3:01-CV-00671    DEAL V. SAN DIEGO TRUX
*3*
*ANS.*

| | |
|---|---|
| 1 | JAY S. KOPELOWITZ (149652) |
| 2 | KOPELOWITZ & ASSOCIATES<br>101 West Broadway, Suite 1950 |
| 3 | San Diego, California 92101-8220   01 MAY 15 PM 2:26<br>Telephone: 619/232-7800 |
| 4 | Attorneys for Defendants San Diego Trux, |
| 5 | John Lawrence, Paul McGiven and Aaron Hollins |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID DEAL | ) | Case No. `01 cv 0671H (NLS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER OF TRUX, INC., JOHN |
| | ) | LAWRENCE, PAUL McGIVEN |
| SAN DIEGO TRUX, a California business, JOHN | ) | AND AARON HOLLINS TO |
| LAWRENCE, an individual, PAUL McGINNIS, | ) | COMPLAINT FOR VIOLATION OF |
| an individual, AARON HOLLINS dba ONLINE | ) | COPYRIGHT; DEMAND FOR |
| OUTFITTERS, and DOES 1 through 100, | ) | JURY TRIAL |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Answer To Complaint                    3                    ORIGINAL           01 cv 0671H (NLS)

Defendants TRUX, INC. d/b/a SAN DIEGO TRUX, JOHN LAWRENCE, PAUL McGIVEN (erroneously sued as "Paul McGinnis"), and AARON HOLLINS d/b/a ONLINE OUTFITTERS (collectively "Defendants") for themselves and no other parties, answer the Complaint For Violation of Copyright ("Complaint") filed herein by Plaintiff DAVID DEAL as follows:

I

## ANSWER

1. Defendants admit that Trux, Inc. is a California corporation doing business in San Diego County, California but deny the remaining allegations in paragraph 1 of the Complaint..

2. Defendants admit that John Lawrence is an individual residing in San Diego County, California as alleged in paragraph 2 of the Complaint.

3. Defendants admit that Paul McGiven is an individual residing in San Diego County, California as alleged in paragraph 3 of the Complaint.

4. Defendants admit that Aaron Hollins is an individual doing business as Online Outfitters and resides in San Diego County, California as alleged in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis deny those allegations.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis deny those allegations.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis deny those allegations.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis deny those

allegations.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff has attached four exhibits to the Complaint but deny the remaining allegations in paragraph 10 of the Complaint

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff appears to have hired an attorney but deny the remaining allegations in paragraph 13 of the Complaint

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

II

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants are informed and believe and thereon allege the following as separate and affirmative defenses:

16. As a separate affirmative defense, Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

17. As a separate affirmative defense, Defendants allege that plaintiff's claims for damages and all other relief are barred by the doctrine of latches.

18. As a separate affirmative defense, Defendants allege that plaintiff's claims for damages and all other relief are barred by the doctrine of estoppel.

19. As a separate affirmative defense, Defendants allege that plaintiff's claims for damages and all other relief are barred by the doctrine of acquiescence.

20. As a separate affirmative defense, Defendants allege that plaintiff's claims for damages and all other relief are barred by the doctrine of unclean hands.

21. As a separate affirmative defense, Defendants allege that plaintiff has waived his claims against Defendants.

22. As a separate affirmative defense, Defendants allege that the damage allegedly suffered by plaintiff, if any, was the direct and proximate result of the negligence of parties,

persons, corporations and/or entities other than Defendants and therefore any recovery against Defendants should be barred, or to the extent such recovery is permitted, the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendants.

23. As a separate affirmative defense, Defendants allege that plaintiff's purported copyright is not entitled to copyright protection because it is not an original work of authorship.

24. As a separate affirmative defense, Defendants allege that a substantial portion of the material in which plaintiff claims copyright was preexisting material which plaintiff used unlawfully.

25. As a separate affirmative defense, Defendants allege that a substantial portion of the material in which plaintiff claims copyright was created by others.

26. As a separate affirmative defense, Defendants allege that their use, if any, of the materials in which plaintiff claims copyright is a fair use.

27. As a separate affirmative defense, Defendants allege that their use, if any, of the materials in which plaintiff claims copyright is an authorized use.

28. As a separate affirmative defense, although denying that plaintiff has been damaged, Defendants allege that plaintiff cannot obtain statutory damages and/or attorney's fees under the Copyright Act because he failed to comply with 17 U.S.C. § 412.

29. As a separate affirmative defense, Defendants allege that plaintiff has not suffered any injury as a result of the alleged conduct of Defendants.

30. As a separate affirmative defense, Defendants allege that plaintiff failed and refused, and continues to fail and refuse, to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the alleged damages, if any, suffered. By reason of the foregoing, plaintiff is barred from any recovery for such damage, if any.

31. As a separate affirmative defense, Defendants allege that plaintiff's claims, and each of them, are barred as the applicable statute of limitations has run.

32. Defendants presently has insufficient knowledge or information upon which to

form a belief as to whether they may have additional affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be available.

## III

## PRAYER

WHEREFORE, Defendants prays for a judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Awarding Defendants their costs of this suit and reasonable attorney's fees, the amount to be fixed by the Court, as provided for by applicable statutes;

3. Granting Defendants such other and further relief as the Court may deem just and proper under all of the circumstances.

Respectfully submitted by:

Dated: May 15, 2001

JAY S. KOPELOWITZ
KOPELOWITZ & ASSOCIATES

*/s/ JAY S. KOPELOWITZ*

101 West Broadway, Suite 1950
San Diego, California 92101-8220
Tel: 619/ 232-7800

Attorneys for Defendants Trux, Inc. d/b/a San Diego Trux, John Lawrence, Paul McGiven and Aaron Hollins D/b/a Online Outfitters

## JURY DEMAND

Defendants Trux, Inc. d/b/a San Diego Trux, John Lawrence, Paul McGiven and Aaron Hollins D/b/a Online Outfitters hereby demand a trial by jury.

Respectfully submitted by:

Dated: May 15, 2001

JAY S. KOPELOWITZ
KOPELOWITZ & ASSOCIATES

*/s/ Jay S. Kopelowitz/*
JAY S. KOPELOWITZ

101 West Broadway, Suite 1950
San Diego, California 92101-8220
Tel: 619/ 232-7800

Attorneys for Defendants Trux, Inc. d/b/a San Diego Trux, John Lawrence, Paul McGiven and Aaron Hollins D/b/a Online Outfitters

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is: <u>101 West Broadway, Suite 1950, San Diego, CA 92101</u>.

On <u>May 15, 2001</u> I served the foregoing documents described as:

**ANSWER OF TRUX, INC., JOHN LAWRENCE, PAUL McGIVEN AND AARON HOLLINS TO COMPLAINT FOR VIOLATION OF COPYRIGH; DEMAND FOR JURY TRIAL**

upon the interested parties in this action by placing

[X] copies enclosed in sealed envelopes to:

Howard E. King, Jr.
9845 Erma Road, Suite 201
San Diego, California 92131
Tel:  (858) 551-1540
Fax:  (858) 578-0672

Counsel for Plaintiff DAVID DEAL

[X]  **BY REGULAR MAIL** by depositing such envelope with postage thereon fully prepaid in the United States mail at San Diego, California.

[ ]  **BY FACSIMILE** by telecopier to the facsimile telephone numbers listed above.

I certify under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated: May 15, 2001 at San Diego, California.

*Christina Jimenez*
Christina Jimenez